## DAVIS *v.* AETNA ACCEPTANCE CO.

No. 68. Argued November 9, 1934.—Decided December 3, 1934.

*Mr. Franklin D. Trueblood,* with whom *Messrs. Edward A. Zimmerman* and *George A. Edwards* were on the brief, for petitioner.

*Mr. William S. Kleinman* for respondent.

MR. JUSTICE CARDOZO delivered the opinion of the Court.

A discharge in bankruptcy, pleaded as a defense to a declaration in trover for the conversion of a chattel, has been ruled by the courts below not to constitute a bar. The question is whether upon the evidence and the findings the bar should have been upheld.

The petitioner was a dealer in automobiles, selling them at retail and maintaining a salesroom where his wares were displayed. To put himself in funds for the acquisition of the cars, he obtained loans from the respondent, the Aetna Acceptance Company, in thirty-five or more transactions. In particular he borrowed $1,181.87 on July 10, 1929, procuring title thereby to an Auburn sedan. This was 90% of the cost of the car, the residue of the price being paid out of his own money. At once upon receipt of the sedan, he delivered to the respondent a set of four papers; a promissory note for $1,181.87 to the order of the respondent payable in sixty days; a chattel mortgage covering the automobile and securing payment of the note; a trust receipt, acknowledging receipt of the automobile, and agreeing to hold it as the property of the respondent for the purpose of storage, and not to sell, pledge or otherwise dispose of it except upon consent in writing; and finally a bill of sale, absolute in form.

On August 3, 1929, the automobile, then on exhibit in the petitioner's showroom, was sold by one of his salesmen, and thereupon or soon afterwards petitioner received the price. There is a stipulation that the sale was made without concealment and in the ordinary course of business, though without written consent. According to the petitioner's testimony, notice of the transaction was given the same day to one of the respondent's officers. There is also testimony tending to support the inference that on many other occasions cars held upon like terms had been sold without express consent and the proceeds accounted for thereafter. On this occasion the petitioner promised to make prompt remittance of a check, subject to an offset or credit growing out of other dealings. He did not keep his promise. Instead, he filed a petition in bankruptcy on September 13, 1929, obtaining later his discharge after duly listing the respondent in his schedule of creditors.

The filing of that petition was followed by this action for conversion. The trial judge, overruling the special plea of a discharge, gave judgment in favor of the respondent for damages and costs. The Illinois Appellate Court affirmed. There was a refusal of leave to appeal to the Supreme Court of the State, permission being requisite because of the amount involved. The case is here on certiorari.

The effect of a discharge in bankruptcy is to " release a bankrupt from all of his provable debts," with excepted liabilities enumerated in the statute. Bankruptcy Act, § 17; 11 U. S. C. § 35. There is no dispute that the respondent had a provable debt. It might have proved upon the note, " a fixed liability as evidenced by . . . an instrument in writing." Bankruptcy Act, § 63 (1); 11 U. S. C. § 103a. If its grievance was the sale, it might have proved " upon a contract, express or implied," § 63 (4), waiving the tort and standing upon the implied assumpsit. *Crawford* v. *Burke*, 195 U. S. 176, 193; *Tindle* v. *Birkett*, 205 U. S. 183. What it did is not decisive. *Crawford* v. *Burke, supra; Tindle* v. *Birkett, supra.* Enough that a method of proof had been provided to be used at its election.

The debt being provable, the next inquiry must be whether the liability back of it is within one of the excepted classes. For present purposes, only two of the exceptions, § 17 (2) and (4), will have to be considered. The others by concession have no relation to this case. Subdivision 2 excludes from the release " liabilities for . . . willful and malicious injuries to the person or property of another." Subdivision 4 excludes the liabilities of a bankrupt " created by his fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

The respondent contends that the petitioner was liable for a wilful and malicious injury to the property

of another as the result of the sale and conversion of the car in his possession. There is no doubt that an act of conversion, if wilful and malicious, is an injury to property within the scope of this exception. Such a case was *McIntyre* v. *Kavanaugh,* 242 U. S. 138, where the wrong was unexcused and wanton. But a wilful and malicious injury does not follow as of course from every act of conversion, without reference to the circumstances. There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without wilfulness or malice. *Boyce* v. *Brockway,* 31 N. Y. 490, 493; *Laverty* v. *Snethen,* 68 N. Y. 522, 527; *Wood* v. *Fisk,* 215 N. Y. 233, 239; 109 N. E. 177; *Stanley* v. *Gaylord,* 1 Cush. (Mass.) 536, 550; *Compau* v. *Bemis,* 35 Ill. App. 37; *In re De Lauro,* 1 F. Supp. 678, 679. There may be an honest, but mistaken belief, engendered by a course of dealing, that powers have been enlarged or incapacities removed. In these and like cases, what is done is a tort, but not a wilful and malicious one. Turning to the findings here, we see that wilfulness and malice have been unmistakably excluded. Cf. *In re Dixon,* 21 F. (2d) 565, 566; *In re Burchfield,* 31 F. (2d) 118, 119. The trial court made a special finding as follows: " The court finds that the defendant in this case was not actuated by wilful, malicious or criminal intent in disposing of the car in question." In these circumstances the respondent is not helped by the later and general finding that the petitioner was " guilty of legal conversion of the property, as described in the count in trover." The special controls the general, just as upon the verdict of a jury. *Walker* v. *New Mexico & S. P. R. Co.,* 165 U. S. 593, 598; *Victor-American Fuel Co.* v. *Peccarich,* 209 Fed. 568, 571.

Nothing in the judgment of the Illinois Appellate Court is at war with the exculpatory finding made upon the trial. The Appellate Court repeats the words of the

trial judge without hint of disapproval. Its only comment is that under the law of Illinois malice and wrongful intent are not necessary constituents of a cause of action in trover. This, of course, is true, but though true, it is beside the mark. The discharge will prevail as against a showing of conversion without aggravated features.

■ The respondent contends that irrespective of wilfulness or malice, the petitioner is within the exception declared by subdivision 4, his liability arising, it is said, from his fraud or misappropriation while acting in a fiduciary capacity. The meaning of these words has been fixed by judicial construction for very nearly a century. *Chapman* v. *Forsyth*, 2 How. 202, decided in 1844, is a decision to the effect that within the meaning of a like provision in the Act of 1841, a factor does not act in a fiduciary capacity; the statute " speaks of technical trusts, and not those which the law implies from the contract." 2 How. at p. 208. The scope of the exception was to be limited accordingly. Through the intervening years that precept has been applied by this court in varied situations with unbroken continuity. *Neal* v. *Clark*, 95 U. S. 704; *Hennequin* v. *Clews*, 111 U. S. 676, 682; *Noble* v. *Hammond*, 129 U. S. 65, 68; *Upshur* v. *Briscoe*, 138 U. S. 365; *Crawford* v. *Burke, supra; Tindle* v. *Birkett, supra.* Cf. *Cronan* v. *Cotting*, 104 Mass. 245; *Clair* v. *Colmes*, 245 Mass. 281; 139 N. E. 519. It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio.* He must have been a trustee before the wrong and without reference thereto. In the words of Blatchford, J., " The language would seem to apply only to a debt created by a person who was already a fiduciary when the debt was created." *Upshur* v. *Briscoe, supra*, at p. 378. Was petitioner a trustee in that strict and narrow sense?

We think plainly he was not, though multiplicity of documents may obscure his relation if the probe is superficial. The only writing at all suggestive of a trust is the one that is characterized as a trust receipt. What effect would be given to it if it stood alone there is no occasion to consider. It does not stand alone, but is a member of a group which must be read with a collective meaning. The note, the chattel mortgage, the trust receipt and the bill of sale were made at the same time. We must view them all together. Clearly the respondent's only interest in the car was as security for the debt; this is the central fact, the coördinating element, that unifies the whole transaction. The bill of sale may seem to make the creditor a purchaser; whatever its recitals, it is a mortgage in another form. *Whittemore* v. *Fisher*, 132 Ill. 243. The trust receipt may state that the debtor holds the car as the property of the creditor; in truth it is his own property, subject to a lien. *Barchard* v. *Kohn*, 157 Ill. 579, 585, 586; 41 N. E. 902. The substance of the transaction is this, and nothing more, that the mortgagor, a debtor, has bound himself by covenant not to sell the mortgaged chattel without the mortgagee's approval. The resulting obligation is not turned into one arising from a trust because the parties to one of the documents have chosen to speak of it as a trust. Cf. *In re Butts*, 120 Fed. 966, 971; *Bloomingdale* v. *Dreher*, 31 F. (2d) 93. The relation would be no different if the duty had been stated in terms of covenant alone without descriptive epithet. A mortgagor in possession before condition broken is not a trustee for the mortgagee within the meaning of this statute, though he has charged himself with a duty to keep the security intact. Cf. *Ten Eyck* v. *Craig*, 62 N. Y. 406, 422.

No question as to a cause of action arising from a conversion of the proceeds of the sale with wilfulness and

malice as distinguished from one arising from the conversion of the car itself is before us on this record.

The judgment is reversed and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*