In the Matter of Dennis L. CHRISTEN, Bankrupt.

JOHN SHILLITO COMPANY, Plaintiff,

v.

Dennis L. CHRISTEN, Defendant.

Bankruptcy No. B-1-78-1056.

United States Bankruptcy Court, S. D. Ohio, W. D.

Oct. 9, 1980.

Forest S. Heis, Vogel, Heis & Wenstrup, Cincinnati, Ohio, for plaintiff.

Frank E. Osborne, Cincinnati, Ohio, for defendant.

## ORDER DETERMINING DEBT OF THE JOHN SHILLITO COMPANY TO BE DISCHARGEABLE.

LEONARD C. GARTNER, Bankruptcy Judge.

The District Court for the Southern District of Ohio in *In Re Day*, 4 B.R. 750 at 756 (1980) comments upon the decision in *Tinker v. Colwell*, 193 U.S. 473, 24 S.Ct. 505, 48 L.Ed. 754 (1904):

"The Supreme Court has warned, however, that a willful and malicious injury does not follow as of course from every act of conversion ... 'There may be a conversion which is innocent or technical, an unauthorized assumption of dominion without willfulness or malice' ".

Likewise, in *Re Gregory A. Hadley*, B–1–76–964, (S.D.O. March 22, 1977, J. Porter) and *In Re Sussman*, C–1–79–129, B–1–78–832 (S.D.O. J. Rubin, June 7, 1979) the District Court expressed its views on the subject of the meaning of "willful and malicious" as applied in the Bankruptcy Act to deny a discharge for the conversion or damage of the person or property of another. To the law as laid down in those cases, this Court is bound. Does it mantle the present proceeding so as to deny the bankrupt (now debtor under the present Bankruptcy Code) the relief he seeks.

Summarily, *Hadley* concerned itself with injury to the person of another; *Day* to the property of another; and *Sussman* with funds of another knowingly received by the bankrupt and converted to his own use.

The present situation concerns itself with *property of the bankrupt* duly encumbered by a security interest and sold by the bankrupt.

A review is in order for enlightenment. On August 2, 1977 the bankrupt, Dennis L. Christen, purchased a stereo set at Shillito's and financed the transaction by means of a security agreement (Pltf. Ex. 2). The bankrupt, however, in testimony stated he was not aware of the merchandise being encumbered, that such did not enter his mind because he had an existing revolving account. He was unsure whether or not he received a copy of the security agreement.

What happened to Christen after the purchase is significant for it is the sale of the secured items that gives rise to the Shillito claim.

The bankrupt encountered marital difficulties which culminated in divorce with a bewildering effect on him. It was his responsibility to pay the debts of the couple. Not being able to perform in this respect with punctuality, he filed a Chapter XIII proceeding under the Bankruptcy Act.

Here, too, he encountered difficulty, and ultimately sold the stereo set to raise funds ($350.00) to pay into the Chapter XIII plan.

Was this malicious under the provision of the Bankruptcy Act § 17(a)(2) (11 U.S.C. § 35(a)(2)) so as to deny him relief from the debt.

First of all, as distinguished from *Hadley*, *Sussman* and *Day*, in the present situation the property was the property of Mr. Christen, subject only to an encumbrance. True, he violated the terms of his agreement with Shillito's, but under the circumstances, was that automatic malice with respect to conversion of the property of another.

This Court cannot bring itself to that conclusion.

See also *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393; *Robertson v. Interstate Securities Company*, 8 Cir., 435 F.2d 784; *In Re McGinnis*, 10 Cir., 586 F.2d 162, for a further discussion of the law.

The debt of Shillito's is declared dischargeable.