In re Richard Charles HAYDEN Carol Ann Hayden, Debtors.

**TOLEDO AREA CONSTRUCTION WORKERS HEALTH AND WELFARE PLAN, Plaintiff,**

v.

**Richard C. HAYDEN, et al., Defendants.**

**Bankruptcy No. 81–00448. Adv. No. 81–0921.**

United States Bankruptcy Court, N.D. Ohio, W.D.

Nov. 14, 1984.

**10**

Timothy C. McCarthy, Toledo, Ohio, for plaintiff.

Samuel G. Bolotin, Toledo, Ohio, for defendant.

## OPINION AND ORDER

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon the motion of the plaintiff, The Toledo Area Construction Workers Health and Welfare Plan [hereinafter "T.A.C.W." and "Plan"], for summary judgment against the defendant Richard C. Hayden (Debtor), to find debts arising from the nonpayment of fringe benefits to the Plan, nondischargeable under § 523(a)(4) of the Bankruptcy Code and upon the defendant's memorandum in opposition thereto.

The plaintiff contends that defendant's debts are nondischargeable because they arose out of the commission of an act of fraud or defalcation while acting in a fiduciary capacity. The threshold question is whether O.R.C. 4113.15(c) imposes the standard of a fiduciary duty as required by 11 U.S.C. § 523(a)(4). The court finds the statutory language of O.R.C. 4113.15(C) does not create an express trust prior to an act of wrongdoing or apart from contractual obligations and therefore, it does not convert the employer's status to that of fiduciary for purposes of the Bankruptcy Code. Thus the plaintiff's motion for summary judgment must be denied. There being no genuine issue of material fact the court finds that defendant is entitled to judgment as a matter of law, and plaintiff's complaint should be dismissed with prejudice.

## FACTS

The defendant debtor, Richard C. Hayden, owned and operated Richard Builders, a business that did carpentry work in new homes. In this capacity Mr. ' Hayden signed a card with the Maumee Valley Carpenters District Council Local Union No. 1138.

By signing the card Mr. Hayden became bound under the carpenters agreement to properly report the number of hours worked by carpenters and to make specified payments of fringe benefits and deductions to T.A.C.W. for those hours. An audit authorized by the agreement was performed and it was found that the defendant had not been making the required payments.

Defendant sought to have the debt owed to T.A.C.W. discharged in a Chapter 7 proceeding commenced on August 11, 1981. The plaintiff contends that the debt to T.A.C.W. is not dischargeable in bankruptcy under 11 U.S.C. § 523(a)(4) because that debt arose out of the commission of an act of fraud or defalcation while acting in a fiduciary capacity. The plaintiff claims the fiduciary duty is imposed by O.R.C. § 4113.15(C).

## DISCUSSION

As an exception to the dischargeability of a debt § 523(a)(4) of the Bankruptcy Code provides that an individual debtor will not be relieved from any debt which arises from "fraud or defalcation while acting in a fiduciary capacity". The term "fiduciary" for the purposes of the Bankruptcy Code, which parallels the former § 17(a)(4) of the Bankruptcy Act, has been consistently in-

terpreted as limited to express trusts and not to trusts imposed ex maleficio, that is, the trust obligations must have been created before the act of wrongdoing. Also to be considered a fiduciary the trustee's duties must be independent of any contractual obligations. *Davis v. Aetna Acceptance Company,* 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934); *Carey Lumber v. Bell,* 615 F.2d 370, 375 (9th Cir.1980); *In re Gerald Johnson,* 691 F.2d 249, 251 (6th Cir.1982); *Matter of Kawczynski,* 442 F.Supp. 413, 416 (W.D.N.Y.1977); 3 *Collier on Bankruptcy* ¶ 523.14[1](c), p. 523–99 (15th ed. 1982).

The Ohio statute does not satisfy the requirements that the trust exist separate from the act of wrongdoing and contractual obligations. O.R.C. 4113.15(C) states:

In the absence of a contest, court order or dispute, an employer who is party to an agreement to pay or provide fringe benefits to an employee or to make any employee authorized deduction becomes a trustee of any funds required by such agreement to be paid to any person, organization, or governmental agency from the time that the duty to make such payment arises.

Ohio law imposes a trusteeship upon an employer who fails to deduct or pay money for fringe benefits which he is contractually obligated to pay. It does not create a fiduciary status at the time the funds were received or at a time prior to an act of wrongdoing. The statute makes the employer a trustee as of "the time that the duty to pay arises." Thus it is only on pay day that the employer is a trustee and then only if he doesn't pay on that day does he incur any duties towards funds he may have in his possession for the benefit of the employee. Consequently the trust may be classified as ex maleficio and a fiduciary relationship found not to exist for the purposes of the Bankruptcy Code.

Several recent cases have found that state statutes do create § 523(a)(4) fiduciary relationships. *Carry Lumber v. Bell,* 615 F.2d 370, 375 (5th Cir.1980); *In re Gerald Johnson,* 691 F.2d 249, 261 (6th Cir.1982); *Matter of Kawczynski,* 442 F.Supp. 413, 416 (1977); *In re Thomas,* 11 BCD 1176, 729 F.2d 502 (1984); *In re Regina Schultz,* 90 Lab.Cas. (CCH) ¶ 12.439 at p. 26, 188 (1980). However in all those cases the trust begins when the contractor receives payments. In *In re Thornton,* 544 F.2d 1005 (9th Cir.1976), a case with a statute and facts similar to the present case, the court found that the necessary fiduciary status did not exist.

*Thornton* involved a contractor who signed a labor agreement with an Oregon carpenters union. The agreement required the contractor to comply with the carpenter's master agreement. That agreement required that the contractor deduct money from his employees' wages to pay for fringe benefits. The court in *Thornton, supra* at 1007 held

The agreement which Thornton entered into with the Oregon Council of Carpenters was purely contractual in character. It was part of a collective bargaining agreement negotiated between employer and employees dealing at arm's length. The only obligation assumed by the bankrupt was to pay contributions to the fund. The intent to create a trust as to monies in Thornton's hands and before payment to the Trustees is patently lacking here. While Oregon law may impose a trusteeship upon an employer who misappropriates the monies he is contractually obligated to deduct, such a trust does not convert the employer's status to that of fiduciary for the purposes of § 17(a)(4) of the Bankruptcy Act.

In the present case the employer's obligation to make payments to T.A.C.W. was the result of a labor contract and not O.R.C. 4113.15(C). Being purely contractual, the relationship is not a fiduciary one for the purposes of the Code.

To qualify as a nondischargeable debt because of fraud or defalcation while acting in a fiduciary capacity the party seeking to bar the discharge must prove the necessary elements of fiduciary capacity for the purposes of the Code. Here the plaintiff relying on O.R.C. 4113.15(C) failed

to meet the requirements of: 1) showing that the trust arose prior to the act of wrongdoing and 2) that there was an intent to create a trust relationship apart from the contractual obligations incurred by the defendant.

In light of the foregoing, it is hereby,

ORDERED that plaintiff's motion for summary judgment be, and it hereby is, denied. It is further,

ORDERED that plaintiff's complaint be, and it hereby is, dismissed with prejudice.