In re Nancy C. ACKER a/k/a Nancy C. LaBounty, Debtor.

DESIGNERS UNLIMITED, INC., derivatively by its shareholder, K. Thomas Acker, and K. Thomas Acker, individually, Plaintiffs,

v.

Nancy C. ACKER, Defendant.

Bankruptcy No. 84–00163.

United States Bankruptcy Court, D. Vermont.

Jan. 11, 1985.

Paul S. Kulig, of Keyser, Crowley, Banse & Facey, Rutland, Vt., for plaintiffs.

Theodore Corsones, Rutland, Vt., for debtor-defendant.

## MEMORANDUM OPINION

CHARLES J. MARRO, Bankruptcy Judge.

In this adversary proceeding, the Court has before it for consideration the Complaint of the Plaintiffs to Determine Dischargeability of Debt which they claim nondischargeable under § 523(a)(4) of the Bankruptcy Code. Although the Plaintiffs refer to § 532, this is apparently a typographical error.

§ 523(a)(4) provides that any debt for fraud or defalcation while an individual is acting in a fiduciary capacity, embezzlement or larceny is non-dischargeable.

The Debtor-Defendant, Nancy C. Acker, filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on October 2, 1984, and both Designers Unlimited, Inc., and K. Thomas Acker are listed under Schedule A–3 as unsecured creditors in the sum of $40,000.00.

## FACTS

K. Thomas Acker and Nancy C. Acker were at one time husband and wife, and on January 18, 1980 they formed a corporation under the name of Designers Unlimited, Inc., for the purpose of conducting the business of buying and selling women's apparel. The shares of stock issued by the corporation were owned on a fifty-fifty basis.

When the corporation started business, Nancy C. Acker's folks borrowed approximately $15,000.00 from the Rutland Savings Bank in her behalf so that she could put it into the operating capital of the business. She did all of the work and operated the business without any assistance from her husband. The venture was a failure from the beginning, resulting in a financial loss for the entire period of its existence, so much so that for the first seven months of operation the Debtor—Defendant did not receive any salary. For a period of time, she did make out checks covering her salary but she retained them and cashed them only when there was money available to cover the checks.

The Debtor—Defendant also borrowed $26,000.00 from the Rutland Savings Bank which was turned over to her in $5,000.00 increments over a period of several months.

With the business suffering continual losses the Debtor finally sought the advice of the corporation counsel who suggested that she mark all of the clothing on hand in

red and sell it to pay the debts of the corporation. At the same time, she started conducting business in her individual name, but she did not transfer any of the corporate property to herself. The money received from the sale of the inventory owned by the corporation was used to pay its debts. She never received any money from the corporation which did not belong to her.

On November 1, 1981, she dispatched a letter by certified mail to her former husband, K. Thomas Acker, notifying him that he would have to do something about the business which was going under and he did not reply until more than one year later when he and the corporation instituted a suit against her in Rutland Superior Court for wrongfully transferring the assets of the corporation from it to her. This suit was still pending when she filed for relief under the Bankruptcy Code.

In connection with the business, K. Thomas Acker, did borrow some money from the Chittenden Trust Company, and the loan was secured by Certificates of Deposit belonging to him. This loan was not paid off by the Debtor-Defendant.

The corporation filed a federal income tax return for the period from February 1, 1981 to January 31, 1982 in which it shows a taxable loss of $2,365.00. This return was prepared by Thomas J. Hart, C.P.A. and the Debtor relied entirely on him for its preparation, she being unfamiliar with accounting procedures.

## DISCUSSION

At the conclusion of the hearing, the Debtor-Defendant moved for dismissal of the Complaint on the grounds that the Plaintiffs have failed to establish facts which would entitle them to the relief sought. The Court is in agreement. There is no evidence in this case which even tends to establish a defalcation by the Debtor-Defendant while acting in a fiduciary capacity or that she was guilty of embezzlement or larceny. In addition, even if the Plaintiffs did in fact establish (which they did not) that the Debtor-Defendant as a debtor-offi-

cer of the Plaintiff corporation had misused funds in disregard of her obligation, the debt would not be non-dischargeable if she did not use those funds for her personal benefit. See *Wachovia Bank and Trust Company, N.A., v. William K. Banister*, 737 F.2d 225 (2d. Cir.C.C.A.), 11 CBC 2d 128, 130 (1984).

It is also noted that under § 523(a)(4), the qualification that the debtor be acting in a fiduciary capacity has consistently, since its appearance in the Bankruptcy Act of 1841, been limited in its application to what may be described as technical or express trusts, and not to trusts ex maleficio that may be imposed because of the very act of wrongdoing out of which the contested debt arose. 3 Collier 15th Ed. 523–99 § 523.14. See also *Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934), in which Justice Cardozo stated:

"It is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee ex maleficio. He must have been a trustee before the wrong and without reference thereto ... Was petitioner a trustee in that strict and narrow sense?

"We think plainly he was not, though multiplicity of documents may obscure his relation if the probe is superficial.... The resulting obligation is not turned into one arising from a trust because the parties to one of the documents has chosen to speak of it as a trust. [*Davis*, 293 U.S. 328, 334, 55 S.Ct. 151, 154, 79 L.Ed. 393]"

In the instant case, the Plaintiffs have neither established that the Debtor-Defendant was guilty of wrongdoing nor that there was any technical or express trust from which the wrongdoing *alleged* by the Plaintiffs arose. The Complaint should be dismissed. Judgment to this effect is being entered on this date.