**In re Charles Thomas WILLIAMS, Debtor.**

**Robert P. SHUMAKER, Plaintiff,**

v.

**Charles Thomas WILLIAMS, Defendant.**

**Bankruptcy No. 89–0423–AT.**

**Adv. No. 89–0614–AT.**

United States Bankruptcy Court, E.D. Virginia, Alexandria Division.

Feb. 26, 1990.

Richard G. Hall, Brooke and Hall, Annandale, Va., for debtor/defendant.

Stephen S. Mitchell, McKinley, Schmidtlein & Mitchell, Alexandria, Va., for plaintiff.

Henry Counts, Jr., Alexandria, Va., trustee.

## MEMORANDUM OPINION

DOUGLAS O. TICE, Jr., Bankruptcy Judge.

On February 1, 1990, the Court held trial on the plaintiff's dischargeability complaint. At the end of the plaintiff's evidence, the Court granted the defendant's motion for an involuntary dismissal pursuant to Rule 41(b), Federal Rules of Civil Procedure and Bankruptcy Rule 7041.

### Facts

The debtor's mother, Evelyn D. Shumaker, was married to the plaintiff prior to her death in 1984. During this marriage, the plaintiff executed a general power of attorney in favor of Evelyn D. Shumaker.

Without authorization of the plaintiff, Evelyn D. Shumaker used the power of attorney to convey real and personal property of the plaintiff to her two sons and daughter, including the debtor Charles Thomas Williams.

The transfers of property were discovered after Evelyn D. Shumaker's death, and plaintiff instituted one or more actions against the debtor, his brother and sister,

in the Circuit Court of Prince William County, Virginia.

The circuit court entered a decree in 1985 returning the real property to the plaintiff, and this ruling was upheld on appeal by the Supreme Court of Virginia.

A second trial for the recovery of personal property, including bank accounts which Evelyn D. Shumaker opened in the name of the defendants, resulted in a judgment decree entered by the circuit court on November 4, 1988. In its decree the circuit court stated in part as follows:

· · · · ·

AND THE COURT FINDING that the power of attorney to Evelyn D. Shumaker to conduct the business affairs of Robert G. Shumaker did not create the right to give away his property; that the Court's earlier ruling setting aside the deed giving away Robert G. Shumaker's real estate was not overturned by the Supreme Court; that the same finding applies to the savings and checking accounts; that the transfers of funds from these accounts by Evelyn G. Shumaker while serving in a fiduciary capacity for Robert G. Shumaker was not a proper exercise or valid use of her power; *and that these defendants knowingly accepted the benefits of these acts.* (emphasis added)

· · · · ·

Based upon this ruling, the circuit court awarded money judgments against the debtor, his brother and sister, in the total sum of $33,543.00.

### Conclusions

The plaintiff's complaint asks this Court to except from discharge the state court judgment arising from the decree mentioned above against the debtor. The non-dischargeable amount asserted by the plaintiff is $19,294.00.

The parties to this adversary proceeding stipulated that the determination of dischargeability is to be limited to the issue of whether the judgment debt resulted from a "defalcation while [the debtor was] acting in a fiduciary capacity" pursuant to 11 U.S.C. § 523(a)(4).

The evidence before the Court establishes that the circuit court held the debtor "knowingly accepted the benefits" of the transfers of cash to bank accounts in his name. The funds were property of the plaintiff and were improperly transferred to the debtor by his mother who was a fiduciary of the plaintiff.

However, in this Court's opinion these facts are not sufficient to establish that the debtor held a fiduciary relationship to the plaintiff. In 1934 the Supreme Court noted that in the context of bankruptcy proceedings the term "fiduciary capacity" should be narrowly applied only to express trust relationships. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 153, 79 L.Ed. 393 (1934). Courts have continued to follow the *Davis* definition within the context of 523(a)(4) of the Bankruptcy Code. As Judge Shelley of this district has ruled, for purposes of § 523(a)(4),

"there must be a 'technical' or express trust and not merely an implied trust or an agency relationship." [citations omitted]

*In re Myers,* 52 B.R. 901, 904 (Bankr.E.D. Va.1985).

Thus, while an injustice may have been done to the plaintiff which the debtor knowingly benefitted from, this circumstance does not equate to nondischargeability under the narrow issue which the Court was asked to decide here.

A separate order will be entered granting the debtor's counsel's motion for involuntary dismissal.