In re Fred J. WINES, Debtor.

**ADVANCE–UNITED EXPRESSWAYS INC., Plaintiff,**

v.

**Fred J. WINES, Defendant.**

Bankruptcy No. 89–14719–BKC–SMW.

Adv. No. 89–0567–BKC–SMW–A.

United States Bankruptcy Court, S.D. Florida.

March 20, 1990.

Brian Kidwell, St. Paul, Minn., Louis Phillips, Local Counsel, Miami, Fla., for creditor.

Arthur S. Wietzner, Miami, Fla., for debtor.

Robert Meyer, Miami, Fla., for trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon the complaint of Advance–United Expressways, Inc. (the "creditor") against Fred J. Wines (the "debtor") to determine the dischargeability of a debt pursuant to 11 U.S.C. § 523(a)(2)(A), (a)(4), and (a)(6), and upon a claim seeking to impose a constructive trust, and the Court having heard the testimony, examined the evidence presented, observed the candor and demeanor of the witnesses, considered the arguments of counsel, and being otherwise fully advised in the premises does hereby make the following Findings of Fact and Conclusions of Law:

Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1334(b), 28 U.S.C. § 157(a, b) and the district court's general order of reference. This is a core proceeding in which the Court is authorized to hear and determine all matters relating to this case in accordance with 28 U.S.C. § 157(b)(2)(I).

The creditor is a Minnesota corporation engaged in interstate and intrastate shipping. The debtor is the chief executive officer and chairman of the board of directors of the creditor corporation. Prior to the creditor's filing of the Chapter 11 petition, the debtor met with a competitor of the creditor in an effort to negotiate the purchase of the creditor's customer list. At the conclusion of the meeting, an agreement was reached whereby the competitor was to pay the debtor, individually, $50,-000.00 for his efforts in obtaining some of the lucrative accounts of the creditor corporation.

In September, 1987, after having entered the agreement with the debtor, the competitor then approached the creditor's board of directors with the aim of purchasing its customer list for $25,000.00. The offer was accepted by the board of directors and on the same day the corporation filed a petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court for the District of Minnesota.

Thereafter, the creditor commenced an adversary proceeding against the debtor to recover the $50,000.00 paid to him individually by the competitor. The debtor made several motions in an attempt to delay the commencement of the trial. Finally, on the eve of the trial, the debtor, individually, filed a petition under Chapter 7 in the Bankruptcy Court for the Southern District of Florida thereby staying the Minnesota trial. Thereafter, the creditor filed the instant adversary action seeking to recover the $50,000.00 paid by the competitor to the debtor under their agreement. The creditor dismissed count I which sought a determination of dischargeability under 11 U.S.C. § 523(a)(2)(A) and count II which sought to impose a constructive trust. The trial proceeded on the creditor's claim that the debt be held nondischargeable under 11 U.S.C. § 523(a)(4) and (a)(6).

■ Under 11 U.S.C. § 523(a)(4) a debt is excepted from discharge if it resulted from "fraud or defalcation while acting as a fiduciary." 11 U.S.C. § 523(a)(4). Defalcation is defined as the slightest misconduct, negligence or ignorance and it does not require intentional conduct. *In re Millen*, 91 B.R. 175 (Bankr.S.D.Fla.1988). In order to avoid dischargeability of a debt under § 523(a)(4), this Court must find that a fiduciary relationship existed and that a defalcation occurred.

■ To qualify under 11 U.S.C. § 523(a)(4), the fiduciary duties must be based on an express or technical trust which existed prior to the act creating the debt and without reference to a wrongful

**46**

act. *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934); *In re Angelle,* 610 F.2d 1335 (5th Cir.1980). In interpreting § 17(a)(4) of the former Bankruptcy Act, now 11 U.S.C. § 523(a)(4), the *Davis* Court reasoned that "it is not enough that by the very act of wrongdoing out of which the contested debt arose, the bankrupt has become chargeable as a trustee *ex maleficio.*" *Davis v. Aetna Acceptance Co.,* 55 S.Ct. 151, 154. The person must have been a trustee before the alleged wrong occurred. *Id.* at 154.

■ Cases which have followed *Davis* have also held that the term fiduciary under 11 U.S.C. § 523(a)(4) includes the relationship between a corporate officer or director and the corporation. *In re Decker,* 36 B.R. 452 (D.N.D.1983); *In re Cowley,* 35 B.R. 526 (Bankr.D.Kan.1983); *In re Snyder,* 101 B.R. 822 (Bankr.D.Mass.1989). Moreover, although the concept of a fiduciary is a question of federal law, state law is also relevant in determining when a trust exists. *In re Angelle,* 610 F.2d 1335, 1341 (5th Cir.1980). Under Minnesota law, an officer of any corporation, public or private, is a fiduciary of that corporation. Minn.Stat.Ann. § 520.01 (WEST 1990). Similarly, the members of the board of directors are fiduciaries of the corporation. *Snyder Electric v. Fleming,* 305 N.W.2d 863 (Minn.1981); *Minnesota Valley Country Club v. Gill,* 356 N.W.2d 356 (Minn.Ct.App.1984).

The Court finds that the debtor was a fiduciary of the creditor corporation within the meaning of 11 U.S.C. § 523(a)(4) at the time he negotiated the agreement based on his position as chief executive officer and chairman of the board of directors throughout many years.

The Court further finds that the debtor's entry into the agreement with the competitor constituted a defalcation under 11 U.S.C. § 523(a)(4). Defalcation has been found to exist where the debtor misuses his position as an officer or director to gain a personal benefit at the expense of the corporation. *John P. Maguire & Co. v. Herzog,* 421 F.2d 419 (5th Cir.1970); *In re Hickey,* 41 B.R. 601 (Bankr.S.D.Fla.1984).

The debtor was aware that the creditor was experiencing financial difficulty, that the creditor was seeking to sell the customer list in an effort to generate revenues, and that the filing of the bankruptcy petition was imminent. Notwithstanding his knowledge of these facts, the debtor proceeded to individually negotiate and accept the competitor's offer without disclosing or consulting the offer with the members of the board of directors. Knowing that the creditor's customer list would contain the information the competitor was seeking, the debtor, nonetheless, negotiated the agreement for himself under better terms. By assenting to the agreement with the competitor, the debtor negotiated the purchase of a corporate asset (information regarding the creditor's best customers) without the knowledge and consent of the board of directors.

Because the Court finds that the debt is nondischargeable under 11 U.S.C. § 523(a)(4), the Court need not address the creditor's claim under 11 U.S.C. § 523(a)(6).

Based on the foregoing, the Court finds that the creditor has proven by clear and convincing evidence that the debt is excepted from discharge under 11 U.S.C. § 523(a)(4).