In re Gary and Cherry HENSON.

FIRST NATIONAL BANK
IN BLYTHEVILLE,
Plaintiff,

v.

Gary HENSON, Defendant.

Bankruptcy No. 89–30227 S.
Adv. No. 90–3014.

United States Bankruptcy Court,
E.D. Arkansas,
Jonesboro Division.

Dec. 20, 1991.

---

Gary Henson, pro se.

James Steinsiek, Blytheville, Ark., for plaintiff.

A. Jan Thomas, West Memphis, Ark., U.S. Trustee.

## MEMORANDUM OPINION

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE came on for trial on December 16, 1991, before the Honorable Mary Davies Scott. James W. Steinsiek, Esq. appeared for the creditor plaintiff; the debtor Gary Henson appeared *pro se.* The First National Bank in Blytheville ("the Bank") initiated this Complaint to Determine Dischargeability on the basis that the debtor [1] had converted the sum of $10,-650.24.

This Court has subject matter jurisdiction over this proceedings pursuant to 28 U.S.C. §§ 1334(a) and 157(a). Moreover, the Court finds that this is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(1) as exemplified in § 157(b)(2)(I). Accordingly, this Court may enter a final judgment in the matter.

The debtor was indebted to the First National Bank in Blytheville for certain business loans, properly secured by all equipment, tools, supplies, inventory and accounts receivable used in the debtor's business, Henson Welding & Mechanical Contractors. One of the assets of the debtor was a receivable in the amount of $10,-650.24 from Sprout–Bauer, Inc., which re-

---

1. While the both Gary and Cherry Henson are debtors in this case, only Gary Henson was a defendant in the adversary proceeding, Cherry Henson having been voluntarily dismissed by the Bank.

ceivable was in existence prior to the filing of the bankruptcy petition.

On June 15, 1989, the debtors filed a Chapter 11 petition in bankruptcy, but in January 1990, converted to a Chapter 7. After the filing of the bankruptcy proceeding, Sprout–Bauer, Inc. remitted the $10,650.24 it owed to the debtor, which the debtor then deposited into a Henson Welding account at the Bank. It is undisputed that the debtor did not specifically notify the Bank that the receivable had been paid and that the debtor subsequently used the funds in the continued operation of the business, a technical violation of section 363 of the Bankruptcy Code (11 U.S.C.).

The Bank asserts that the sum of $10,650.24, by which the Bank was secured and which was used by the debtor in violation of section 363, should be nondischargeable pursuant to section 523. Several grounds have been raised, specifically paragraphs (2), (4), and (6) of section 523(a). Section 523 provides in relevant part:

### § 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), or 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; [or]

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's or an insider's financial condition;

(iii) on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive;

\*   \*   \*   \*   \*   \*

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; [or]

\*   \*   \*   \*   \*   \*

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity. \* \* \*

11 U.S.C. § 523(a)(2), (4), (6).

### A. *Credit Obtained by Fraud—Section 523(a)(2)*

■ The debt is dischargeable under section 523(a)(2) for two reasons. While a technical violation of section 363 did occur, there was no fraud or misrepresentation regarding the loan or its renewal. Indeed, the purported fraud or misrepresentation did not occur until after the filing of the petition in bankruptcy. Section 523(a)(2) contemplates fraud at the time the credit is obtained. *See In re Imbody*, 104 B.R. 830, 839–40 (Bankr.N.D.Ohio 1989). No evidence exists that the debtor conducted any fraud in obtaining the loans, the renewal of the loans, or in any writings. There is no evidence before the Court that the debtor intended not to repay the loans. Accordingly, section 523(a)(2) does not prevent dischargeability of the entire debt.

Secondly, an element of proof that must be proved is that there be an intent to deceive. While the debtor may not have acted wisely, or may have relied upon poor advice from his counsel, there was no intent to deceive on the part of the debtor. The Court finds that the debtor presented a demeanor consistent with truthfulness and believes his testimony to that effect.

### B. *Fraud or Defalcation—Section 523(a)(4)*

■ Section 523(a)(4) provides for nondischargeability "for fraud or defalcation while *acting in a fiduciary capacity*, embezzlement, or larceny." The Bank argues that Henson, as a debtor-in-possession, was acting in a fiduciary capacity such that the use of the proceeds, in violation of section 363, renders the debt—or at least that portion which could have been turned over to the creditor—nondischargeable. While there are cases which support this position,

*In re Weber,* 99 B.R. 1001 (Bankr.D.Utah 1989); *In re Alvey,* 56 B.R. 170 (Bankr. W.D.Ky.1985); *see In re Imbody,* 104 B.R. 830 (Bankr.N.D.Ohio 1989), the law in the Eighth Circuit precludes such a result because no express trust exists. *In re Beasley,* 62 B.R. 653, 654 (Bankr.W.D.Mo.1986) ("However, the Eighth Circuit has held (citing *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 that the section does not reach constructive trustees and applies only to express trusts. See *In re Long,* 774 F.2d 875 (8th Cir.1985). Clearly then, movant cannot prevail because the express trust is required and not present here.").

█ Further, there are two methods by which a debtor may rebut the evidence and obtain a discharge of such debts despite the fact that the debtor violated section 363. First, competent evidence that the debtor reasonably and in good faith relied on the advise of counsel may constitute an excuse for the use of the collateral. *See In re Weber,* 99 B.R. 1001, 1018 (Bankr. D.Utah 1989). Secondly, a debtor may demonstrate that the proceeds were used "for preservation and benefit of creditor's collateral." *In re Alvey,* 56 B.R. 170, 174 (Bankr.W.D.Ky.1985) ("[A]ny farm expenditures which can be traced to the preservation or protection of the PCA's collateral would have been consistent with the farmer's duty of trust, and those amounts should be forgiven, that is, subtracted from the amount of debt determined to be nondischargeable."); *see In re Beasley,* 62 B.R. at 655 ("[T]he dispersal or use of these funds without explanation of reason or purpose satisfies the requirements of § 523(a)(4) as to the nondischargeable elements of an embezzlement.... Where the funds have expended by the debtor in trying to keep the business operation going, courts have been loath to find the necessary intent. It is the secretiveness, the furtiveness, the failure to explain that seems to tip the scales."). The debtor's testimony that he relied on his counsel was uncontroverted. The debtor also testified that all but approximately $600 of the $10,-

000 receivable was put back into the business. Upon hearing the *pro se* debtor's statements, and viewing his demeanor, the Court finds no indication of any furtiveness or dishonest intent. As a factual matter, both of these exceptions apply to this case.

█ Paragraph 4 of section 523(a) also provides that a showing of embezzlement or larceny will preclude dischargeability of the debtor. A creditor is not required to demonstrate a "fiduciary connection" in order to challenge the dischargeability on the grounds of embezzlement or larceny. *In re Beasley,* 62 B.R. at 654. In light of the Court's finding that the debtor did not have the intent to deceive or defraud, there was neither embezzlement nor larceny of the receivable. *See In re Imbody,* 104 B.R. at 842; *see generally In re Beasley,* 62 B.R. at 655 (discussion of embezzlement under section 523(a)(4)).

C. *Willful and Malicious Injury—Section 523(a)(6)*

█ Lastly the Bank challenges dischargeability of the debt under section 523(a)(6): "willful and malicious injury by the debtor to another entity or to the property of another entity." The Bank argues that the debtor's use of the cash constitutes a conversion of the Bank's interest such that the portion of the debt represented by the receivable, $10,650.24, is nondischargeable.

Under Arkansas law, "A conversion in the sense of the law of trover, consists either in the appropriation of the thing to the party's own use and beneficial enjoyment, or in its destruction, or in exercising dominion over it, in exclusion or defiance of the plaintiff's rights, or in withholding the possession from the plaintiff, under a claim of title, inconsistent with his own." *Ray v. Light,* 34 Ark. 421, 427 (1879). In the context of this case, the mere technical violation of section 363 where no improper intent exists does not constitute conversion. *See generally Beasley,* 62 B.R. at 655 (discussion of section 523(a)(6) requirements and analysis).[2]

---

**2.** Even if a conversion had occurred, this Court     believes it would be appropriate to subtract

The plaintiff has methodically and coherently addressed each element of each of the bases for nondischargeability. However, this Court can find no dishonest intent on the part of the debtor. The entire debt is subject to discharge. A separate judgment shall be entered in accordance with these findings.

IT IS SO ORDERED.

## JUDGMENT

THIS ACTION came on for trial before the Court, the Honorable Mary Davies Scott, Bankruptcy Judge, presiding, and the issues having been duly tried and a decision having been duly rendered, it is hereby

ORDERED that the debts owed to the plaintiff, FIRST NATIONAL BANK IN BLYTHEVILLE are dischargeable in this Chapter 7 bankruptcy, and that the adversary proceeding be dismissed on the merits.

IT IS SO ORDERED.

those amounts spent in the operation of the business from the amount of debt determined to be nondischargeable. In the instant case, the debtor's evidence that all but $600 was put back into the business would permit the creditor to a judgment of $600 if all other elements, including intent to deceive, could be established.