976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re Michael S. HATFIELD, Debtor.
AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC.,
Plaintiff-Appellee,
v.
Michael HATFIELD, Defendant-Appellant.
 No. 91-15945.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 21, 1992.*
Decided Sept. 23, 1992.
 
 1
 Before KOZINSKI and DAVID R. THOMPSON, Circuit Judges, and RHOADES,** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 After de novo review, we hold that the agreement between Hatfield and American Express created an express trust. The language of the agreement sets up a relationship that satisfies the test set out in In re Thornton, 544 F.2d 1005 (9th Cir.1976). Here there are "1) sufficient words to create a trust; 2) a definite subject; and 3) a certain and ascertained object or res." Id. at 1007. No necessary provision is absent.
 
 
 4
 Neither does the conduct of the parties show that the substance of the arrangement was inconsistent with the language of the agreement. See Davis v. Aetna Acceptance Co., 293 U.S. 328, 333-34 (1934). The only conduct inconsistent with the existence of a trust was appellant's own defalcation, Bankr.Ct. Decision at 2, and, standing alone, his breach of the agreement can't serve as evidence that no trust existed.
 
 
 5
 Appellant correctly argues that, even if a trust has been formed, a party will be estopped from enforcing it if the party has waived its rights thereunder. See In re Littleton, 106 Bankr. 632, 636 (Bankr. 9th Cir.1989) (waiving requirement of a segregated account forfeits creditor's ability to protect trust in bankruptcy). However, the bankruptcy court found that appellant had not made the factual showing requisite to his waiver and estoppel claims: Hatfield failed to show that American Express had knowledge that funds from the sale of its money orders were commingled in one of Starr's general accounts. See Bankr.Ct. Decision at 4; cf. United States v. King Features Entertainment, Inc., 843 F.2d 394, 399 (9th Cir.1988). The bankruptcy court's findings of fact on this point were not clearly erroneous. See Bankr.Ct.Tr. at 74 (Lynn Travers, Starr's Treasurer/Controller, testified that American Express didn't know the money order receipts were kept in a general account).
 
 
 6
 Because we hold that a valid trust was created and see no evidence of American Express's waiver of rights thereunder, we need not consider the relevance of California's Payment Instruments Law.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 The Honorable John S. Rhoades, Sr., United States District Judge for the Southern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3