**In re James N. MCCORMICK, Debtor.**

**The Mountbatten Surety Company, Inc., Plaintiff,**

v.

**James N. McCormick, Defendant.**

Bankruptcy No. 01–12514.
Adversary No. 02–1023.
Motion No. WGJ–2.

United States Bankruptcy Court,
W.D. Pennsylvania.

Sept. 20, 2002.

---

**64.** Petitioning Creditors Br. at 16.

Gary V. Skiba, Esq., Wayne G. Johnson, Esq., Erie, PA, for Debtor.

Brian W. Bisignani, Esq., Harrisburg, PA, for plaintiff.

## OPINION

WARREN W. BENTZ, Bankruptcy Judge.

### I. Introduction

James N. McCormick ("Debtor") filed a voluntary Petition under Chapter 7 of the Bankruptcy Code on December 21, 2001. The Mountbatten Surety Company, Inc. ("Mountbatten") timely filed a Complaint to Determine Dischargeability of Debt under Section 523(a)(4).[1] Presently before the Court is Debtor's Motion to Dismiss the Complaint for failure to state a claim upon which relief can be granted.

### II. Surety's Allegations [2]

Debtor acted as a shareholder, an officer and/or employee, agent of Maranson Development Company, Inc. ("Maranson"). Maranson is in the construction business. Mountbatten issued performance and payment bonds on behalf of Maranson, as principal, in connection with various construction contracts.

On or about January 1, 1995, Debtor, Maranson, Brian McCormick and U.S. Mobile Services, Inc. (collectively, the "Indemnitors") executed a General Indemnity Agreement in favor of Mountbatten (the "Indemnity Agreement").

The Indemnitors jointly and severally agreed, *inter alia*, to indemnify Mountbatten against all losses in connection with the issuance of surety bonds on behalf of Maranson. Maranson failed to complete the bonded jobs and failed to pay for labor and materials on certain jobs. Claims were asserted against Mountbatten for in excess of $442,846.83.

The Indemnity Agreement provides at ¶ 9:

> TRUST FUNDS. Where any Bond is executed in connection with a contract, the Contractor and the Indemnitors covenant and agree to hold all money or other proceeds of such contract, whether received as payment or as loans, as a trust for the benefit of laborers, materialmen, suppliers, subcontractors and the Surety and to use such money or other proceeds for the purpose of performing the contract and discharging the obligation of the Bond beneficiaries, and for no other purpose, until the Bond and the Surety's loss, costs, expenses and attorneys' fees are completely discharged.

Mountbatten asserts that all funds paid to Maranson under the construction contracts bonded by Mountbatten constitute the Trust res; that Mountbatten is specifically designated as beneficiary of this Trust; that the Indemnity Agreement constitutes an express trust; that the Debtor

---

1. All references to Code sections are to Title 11 of the United States Code unless otherwise indicated.

2. The Surety's allegations are taken from the Complaint and accepted as true for purposes of the Motion to Dismiss. *See, e.g., Weston v. Comm. of Pennsylvania*, 251 F.3d 420 (3rd Cir.2001).

and the other Indemnitors are expressly designated as Trustees of the Trust; and that as a Trustee of the Trust, Debtor was acting in a fiduciary capacity. The Indemnity Agreement provides that the law of Pennsylvania shall apply.

### III. Motion to Dismiss

Debtor asserts that Mountbatten's Complaint fails to state a claim upon which relief can be granted. Debtor posits that the "use of the word 'trust' in an agreement does not alter the borrower-lender relationship into a fiduciary one as required by Section 523(a)(4) to make said debt nondischargeable."

### IV. Discussion

■ 11 U.S.C. § 523(a)(4) excepts from discharge any debt arising out of "fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." 11 U.S.C. § 523(a)(4). To prevail under this exception, plaintiff must show that: (1) debtor was acting in a fiduciary capacity; and (2) debtor committed fraud or defalcation while acting in that capacity. *In re Verrone*, 277 B.R. 66, 71 (Bankr. W.D.Pa.2002); *In re McDade*, 282 B.R. 650 (Bankr.N.D.Ill.2002).

■ Section 523(a)(4), as with all other exceptions to discharge, is narrowly construed to further the fundamental purpose of the Bankruptcy Code to grant a debtor a fresh start. *In re Delisle*, 281 B.R. 457, 466 (Bankr.D.Mass.2002); *In re Verrone*, 277 B.R. 66 (Bankr.W.D.Pa.2002) *citing In re Cohn*, 54 F.3d 1108, 1113 (3rd Cir.1995).

■ Federal law controls who is a fiduciary for purposes of § 523(a)(4). *In re Delisle*, 281 B.R. at 466; *In re Baird*, 114 B.R. 198, 202 (9th Cir. BAP 1990). To be a fiduciary for dischargeability purposes, the debtor must be a trustee under an "express" or "technical" trust. *In re*

*Runge*, 226 B.R. 298, 304 (Bankr.D.N.H. 1998) *citing Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 333, 55 S.Ct. 151, 79 L.Ed. 393 (1934). Although the concept of "fiduciary" in the dischargeability context is a narrowly defined question of federal law, courts look to state law to determine whether the requisite trust relationship exists. *In re Baird* at 202; *In re Verrone* at 72.

■ Under Pennsylvania law, the elements of an express trust are: (1) an express intent to create a trust; (2) an ascertainable res; (3) a sufficiently certain beneficiary; and (4) a trustee who "owns" and administers the res for the benefit of another (the beneficiary). *In re Verrone*, 277 B.R. 66, 72 (Bankr.W.D.Pa.2002); *In re Smith*, 238 B.R. 664 (Bankr.W.D.Ky. 1999) (examining Pennsylvania law); *In re Desiderio*, 213 B.R. 99, 103 (Bankr.E.D.Pa. 1997) (and cases cited therein).

■ Mountbatten was also a Plaintiff in the case of *In re Smith*, 238 B.R. 664 (Bankr.W.D.Ky.1999). The indemnity agreement in *Smith* contained identical language to that in ¶ 9 of the Indemnity Agreement executed by the Debtor. *Id.* at 671. The court determined that the language of ¶ 9 "clearly contain[ed] the four requisite elements for the creation of a trust." *Id.*

Several bankruptcy courts have considered whether an express trust created by an indemnity agreement gave rise to a fiduciary duty to a surety by an individual debtor. While not specifically addressing the nature of the relationship between the parties as *In re Long* instructs, these courts have uniformly held that a trust may arise within the confines of an indemnity agreement. *See e.g., Wright v. Gulf Ins. Co. (In re Wright)*, 266 B.R. 848, 852 (Bankr. E.D.Ark.2001) (determining debt to surety was nondischargeable for defalca-

**684**

tion based on express trust in indemnity agreement); *Cumberland Sur. Ins. Co. v. Smith (In re Smith)*, 238 B.R. 664, 672 (Bankr.W.D.Ky.1999) (same); *Gillespi v. Jenkins (In re Jenkins)*, 110 B.R. 74, 76–77 (Bankr.M.D.Fla.1990) (same). *See also Federal Ins. Co. v. Fifth Third Bank*, 867 F.2d 330 (6th Cir.1989) (holding, in nonbankruptcy context, that state's contract with general contractor created express trust on progress payments for job creditors).

*In re Herndon*, 277 B.R. 765, 769 (Bankr. E.D.Ark.2002).

We find that the language in ¶ 9 of the Indemnity Agreement creates a trust relationship between the parties. The Debtor, as trustee of the funds, owes a fiduciary duty arising from the trust.

The remaining issue is whether the Debtor acted in a manner that constitutes a defalcation for the purposes of § 523(a)(4).

■ "Defalcation is 'the failure to meet an obligation' or 'a nonfraudulent default.'" *In re Uwimana*, 274 F.3d 806, 811 (4th Cir.2001) *quoting Black's Law Dictionary*, 427 (7th ed.1999). "To be defalcation for purposes of 11 U.S.C. § 523(a)(4), an act need not 'rise to the level of... embezzlement' or even 'misappropriation.'" *Uwimana* at 811 *quoting In re Ansari*, 113 F.3d 17, 20 (4th Cir. 1997). *See also Central Hanover Bank & Trust Co. v. Herbst*, 93 F.2d 510, 512 (2nd Cir.1937); *In re Specialty Plastics, Inc.*, 113 B.R. 915, 923 (Bankr.W.D.Pa.1990), *vacated in part on other grounds*, 127 B.R. 945 (W.D.Pa.1991) *aff'd.* 952 F.2d 1391 (3rd Cir.1991). "Thus, negligence or even an innocent mistake which results in misappropriation or failure to account is sufficient." *Uwimana* at 811.

Debtor does not assert that the allegations of subsection C of the Complaint concerning the defalcation are insufficient to state a claim.

Debtor's Motion to Dismiss will be refused. An appropriate Order will be entered.