**In the Matter of Linwood COLEMAN, Debtor.**

**L.W. Cochran, et al., Plaintiff,**

**v.**

**Linwood Coleman, Defendant.**

**Bankruptcy No. 97–43761.**
**Adversary No. 98–4042.**

United States Bankruptcy Court,
S.D. Georgia,
Savannah Division.

March 31, 1999.

Timothy D. Roberts, Savannah, GA, for Plaintiff.

Mark Bulovic, Savannah, GA, for Defendant.

### ORDER ON PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

LAMAR W. DAVIS, Jr., Bankruptcy Judge.

Debtor Linwood Coleman filed his Chapter 7 petition for relief under the Bankruptcy Code on December 9, 1997. L.W. Cochran and others, as Trustees of the I.B.E.W. Local 508 Health and Welfare Fund and the Defined Contribution Fund (hereinafter "Local 508 Funds") filed this adversary proceeding on March 11, 1998. The Trustees filed this Motion for Partial Summary Judgment on August 9, 1998, alleging that the debt owed to the Funds by the Debtor is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). For the following reasons, I deny the Plaintiff's Motion in part and grant it in part.

#### FINDINGS OF FACT

The following facts are not in dispute. On July 1, 1988, Debtor became the Secretary/Treasurer of Amp Systems, Inc. Debtor was one of three original shareholders in

the newly formed corporation, which operated as a provider of electrical services. Four months later, one shareholder left the corporation and sold his stock to Debtor, bringing Debtor's share in the corporation to 43%. Debtor received an annual salary of $60,000.00.

At the time the corporation was formed, Amp entered into a collective bargaining agreement with I.B.E.W. Local 508. The agreement provided that Local 508 would provide Amp with employees and Amp in turn would deduct contributions from employees' paychecks to be remitted to the Local 508 N.E.C.A. Defined Contribution Fund and the N.E.C.A. Health and Welfare Fund. These Funds are maintained for the benefit of all union members, not just those members who were employed by Amp.

In May of 1995, Debtor bought the remaining shares of stock in the corporation from Terry Nobles and became the President and sole shareholder. Both before and after Debtor took over the corporation, Amp failed to remit all of the contributions it had deducted from employee paychecks to the Funds. Instead, the contributions were commingled in a general operating account. From this account, enough money was transferred to a payroll account to cover net wages. Creditors were paid from the general operating account.

## CONCLUSIONS OF LAW

Bankruptcy Rule 7056 incorporates Rule 56 of the Federal Rules of Civil Procedure, which provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R.CIV. P. 56(c). All evidence must be considered "in the light most favorable to the non-moving party." *Rollins v. TechSouth, Inc.,* 833 F.2d 1525, 1528 (11th Cir.1987). The moving party bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986). Once the mov-

ant carries its burden, the burden then shifts to the nonmoving party to introduce "significant, credible evidence sufficient to show" that there is a genuine issue of material fact. *United States v. Four Parcels of Real Property,* 941 F.2d 1428, 1438 (11th Cir.1991).

The Trustees contend the debt owed to them by the Debtor is rendered nondischargeable by Section 523(a)(4), which provides:

A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—for fraud or defalcation while acting in a fiduciary capacity ...

11 U.S.C. § 523(a)(4). In order to be granted summary judgment, therefore, the Trustees must show 1) that the Debtor was a "fiduciary"; 2) that in performing his fiduciary duties, Debtor committed an act of fraud or defalcation.

The Supreme Court has not addressed the definition of 'fiduciary' under the Bankruptcy Code. In interpreting the former Bankruptcy Act, the Court held that the term should not be construed expansively, but should only refer to so-called 'technical trusts.' *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 55 S.Ct. 151, 79 L.Ed. 393 (1934). Thus, 'fiduciary' does not include constructive trusts which are formed by the acts upon which the dischargeability complaint is based. The debtor must have been a fiduciary prior to the alleged wrong. *Utica Mutual Insurance v. Johnson (In re Johnson),* 203 B.R. 1017, 1021 (Bankr.S.D.Ga.1997) (Dalis, J.).

The Eleventh Circuit has held that a statute creating a fiduciary relationship can satisfy the requirement that there be an express or technical trust in order for fiduciary status to be established. *See Quaif v. Johnson,* 4 F.3d 950, 954 (11th Cir.1993). The Trustees argue that Debtor is a 'fiduciary' under such a statute, the Employment Retirement Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001–1461, as amended by the Omnibus Budget Reconciliation Act of 1986 (COBRA), Pub.L. No. 99–272, 100 Stat. 82. At least one court has agreed with the Trustees, *In re Musgrove,* 187 B.R. 808, 813 (Bankr.N.D.Ga.1995).

██ Debtor has not contested the applicability of ERISA in defining a fiduciary for purposes of Section 523(a)(4), but contends that he is not a fiduciary under the language of the statute. ERISA provides that

a person is a fiduciary with respect to a plan to the extent (I) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets ... or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan.

29 U.S.C. § 1002(21)(A). Debtor argues that he cannot be a fiduciary because the plans in question were not maintained by his corporation, over which he arguably had control, but rather by a third party, the Local 508 Funds. Debtor is incorrect. All that is required to hold that the debtor was a fiduciary is a showing that the he exercised any discretionary authority or control with respect to disposition of plan assets. Employees' contributions to the Funds are plan assets pursuant to regulations issued by the Secretary of Labor. *See* 29 U.S.C. § 2510.3–102(a).[1]

Since Debtor is a fiduciary of the Local 508 Funds, he must take appropriate steps to ensure that "the assets of a plan shall never inure to the benefit of any employer." 29 U.S.C. § 1103(c)(1). If he breaches this responsibility, he is "personally liable to make good to such plan any losses to the plan resulting from such breach, and to restore to such plan any profits of such fiduciary which have been made through the use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate." 29 U.S.C. § 1109(a).

Debtor argues that a corporate officer is insulated from liability where he takes funds intended for an ERISA plan and uses them to pay general accounts payable for the corporation. *See Local Union 2134, United*

*Mine Workers of America v. Powhatan Fuel, Inc.,* 828 F.2d 710 (11th Cir.1987). *Powhatan* is distinguishable in that the funds in question were the corporation's contributions which were diverted to cover corporate obligations.[2] In this case, the funds in question were employee contributions withheld and designated to the Funds which were misappropriated. As such, they became plan assets as soon as they were withheld from the employees' paychecks. Thus whoever exercised control over the funds withheld is an ERISA fiduciary.

A factual dispute remains as to the degree to which Debtor exercised control and authority over the disposition of corporate funds, as well as the relevant times at which Debtor had authority to direct the application of funds withheld from employees. Debtor asserts that prior to taking the company over in 1995, he was not the corporate officer responsible for writing checks to vendors and that he wrote, at most, 10% of the checks. (Coleman Dep. 9–18). The Trustees contend, however, that Debtor in fact asserted and exercised discretionary authority in writing checks drawn on the operating account. (Nobles Dep. 10–14). There can be no dispute, however, as to Debtor's degree of control after May 1995 when he took full ownership of the corporation.

██ I find that Debtor acted as a fiduciary with respect to employee contributions to the Funds which were withheld from their paychecks after Debtor took control of the business in May 1995. To the extent that Debtor withheld money from employee paychecks and did not remit those contributions to the Funds, I find that he breached his fiduciary duty under ERISA. I grant partial summary judgment to the Plaintiffs on that question and hold that Debtor's liability for that breach, if any, will be excepted from his discharge in bankruptcy. The issue of damages from May 1995 forward will be determined at trial.

---

1. "[T]he assets of the plan include amounts (other than union dues) that a participant or beneficiary pays to an employer, or amounts that a participant has withheld from his wages by an employer, for contribution to the plan."

2. In *Powhatan,* the employer was obligated, pursuant to a collective bargaining agreement, to provide health care benefits to employees. The employer failed to pay insurance premiums and the insurance lapsed, to the detriment of the employees.

■ I find, however, that summary judgment as to Debtor's fiduciary status prior to assuming control of the company in May 1995 is inappropriate at this juncture. A genuine issue of material fact exists as to whether Debtor was a fiduciary prior to that time by virtue of some discretionary authority or control over the employee contributions. A genuine issue of material fact therefore also exists as to whether Debtor breached that duty, if any, by failing to take appropriate steps to protect these contributions. Whether or not Debtor was a fiduciary prior to May 1995 is a matter to be resolved at trial.

## ORDER

In consideration of the foregoing, IT IS THE ORDER OF THIS COURT that the Plaintiff's Motion for Summary Judgment is granted in part and denied in part. IT IS FURTHER ORDERED that, discovery having ended, the parties are directed to file an amended joint consolidated pre-trial statement within fifteen (15) days and the clerk is directed to set this case for a pre-trial conference.