

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-14-2006

# In Re Schlessinger

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-5542

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"In Re Schlessinger " (2006). *2006 Decisions.* Paper 93.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/93

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 05-5542

_____

IN RE:  DAVID SCHLESSINGER,

Debtor


DAVID EDWARD SCHLESSINGER,

Appellant

v.

DAVID SCHLESSINGER

_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 05-cv-00174)
District Judge:  The Honorable Gary L. Lancaster


_____


Submitted Under Third Circuit LAR 34.1(a)
October 27, 2006


Before: SMITH, WEIS, and NYGAARD, Circuit Judges.


(Filed  December 14, 2006)

_____

OPINION OF THE COURT
_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

I.

Dave Schlessinger (Schlessinger) and his son, David (David), formed a freight shipping partnership called Dave-N-Son. Later, Schlessinger began operating another shipping firm called Ryno Express Steel Division, which competed with Dave-N-Son. The two men terminated their partnership and sued one another in the Allegheny County Court of Common Pleas.

At the conclusion of the trial in equity, the court directed the parties to submit proposed factual findings and conclusions of law. David submitted proposed findings and conclusions, but Schlessinger did not. Thereafter, the Common Pleas Court issued an adjudication and *decree nisi* adopting David's proposed findings and conclusions in their entirety and awarded him $189,453 in damages "based upon Defendant's (Schlessinger's) breach of fiduciary duty."

Schlessinger filed exceptions to the court's decree. Before the state court could issue a ruling, Schlessinger stayed the state court proceedings by filing a voluntary Chapter 7 petition with the U.S. Bankruptcy Court for the Western District of Pennsylvania. David commenced an adversary action seeking exception from discharge for the damages awarded by the Common Pleas court pursuant to Bankruptcy Code

2

§§523(a)(4) and 523(a)(6). 11 U.S.C.A. §523(a) (2004). Schlessinger filed a counterclaim alleging David mismanaged the partnership and diverted partnership business for his own use.

U.S. Bankruptcy Judge Bernard Markovitz held a hearing and trial on the parties' claims. At the hearing, Schlessinger testified that he and his son both diverted partnership business to their respective personal uses according to an oral agreement. David, relying solely upon the Common Pleas Court record, adjudication and *decree nisi*, argued *collateral estoppel* precluded Schlessinger from discharging the state damages award.

Judge Markovitz issued an order and opinion in which he rejected both sides' claims. First, Markovitz concluded David failed to show *collateral estoppel* or the Bankruptcy Code's exceptions to discharge applied to deny his father's discharge of the state court judgment. Second, Markovitz concluded Schlessinger's own testimony refuted his claims that his son negligently mismanaged or converted Dave-N-Son's business. U.S. District Judge Gary Lancaster affirmed the Bankruptcy Court's order. We too, will affirm.

II.

On appeal, David argues his damages award is entitled to exception from discharge as arising from embezzlement or larceny under subsection (a)(4) or from willful and malicious injury by the debtor under subsection (a)(6).

§§523(a)(4) and 523(a)(6) provide, in relevant part:

> (a) A discharge under section 727, 1141,
> 1228(a), 1228(b), or 1328(b) of this title does

3

> not discharge an individual debtor from any debt –
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny; (or)
> (6) for willful or malicious injury by the debtor to another entity or the property of another entity...

11 U.S.C.A. §523(a)(2004).

David carries the burden of establishing embezzlement, larceny, or willful and malicious injury by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 287 (1991). These and other subsection (a) exceptions to discharge are construed strictly against the objecting creditor. *In re Fegeley*, 118 F.3d 979, 983 (3d Cir. 1997).

On appeal, David continues to rely exclusively upon the state court record, adjudication and *decree nisi* as evidence to support his exception claims. He argues his father was collaterally estopped from denying the damages award arose from embezzlement, larceny or from willful and malicious injury. In addition, he argues the Bankruptcy Court should have rejected his father's testimony because the Common Pleas Court adopted a proposed conclusion that his father was not credible.

Issue preclusion principles "do indeed apply in discharge exception proceedings pursuant to 11 U.S.C. §523(a)." *Grogan v. Garner*, 498 U.S. 279, 284-85 n.11 (1991). Pursuant to the Full Faith & Credit Act, 28 U.S.C. §1738, we must determine whether Pennsylvania law would accord preclusive effect to the state court's judgment. *Marrese v. Am. Acad. of Orthopaedic Surgeons*, 470 U.S. 373, 380 (1985). Under Pennsylvania law,

4

issue preclusion applies where 1) the issue decided in the prior adjudication is identical to the one presented in the later action; 2) there was a final judgment on the merits; 3) the party against whom it is asserted was a party or is in privity with a party to the prior adjudication; and 4) the party against whom it is asserted had a full and fair opportunity to litigate the issue in a prior action. *Greenleaf v. Garlock, Inc.*, 174 F.3d 352, 357-58 (3d Cir. 1999). David carries the burden of establishing each element. *Suppan v. Dadonna*, 203 F.3d 228, 233 (3d Cir. 2000).

As an initial matter, we conclude the Bankruptcy Court properly considered Schlessinger's testimony. The Bankruptcy Court was not required to limit its review to the state court record. *Brown v. Felsen*, 442 U.S. 127, 139 (1979). Nor was Schlessinger's credibility necessary to the state court's judgment for purposes of issue preclusion. *Balent v. City of Wilkes-Barre,* 669 A.2d 309, 313 (Pa. 1995).

Second, we conclude David has failed to show the issue decided in the state court is identical to the issue of whether his father committed embezzlement or larceny. Embezzlement is the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come. *Moore v. United States*, 160 U.S. 260, 268 (1895). Larceny, on the other hand, is the felonious taking of another's personal property with the intent to convert it or deprive the owner of the same. 4 COLLIER ON BANKRUPTCY ¶523.10 (15th ed. 2006). The Common Pleas Court never adopted a finding that Schlessinger engaged in embezzlement or larceny, so we may not

5

infer one. *See Davis v. Aetna Acceptance Co.*, 293 U.S. 328, 332 (1934). In addition, as the Bankruptcy Court pointed out, embezzlement and larceny both require the appropriation or taking of another's property. Here, Schlessinger took business opportunities and commissions before they ever materialized as "property" of either David or Dave-N-Son.

David has also failed to establish the issue decided by the state court is identical to a finding that Schlessinger willfully and maliciously injured Dave-N-Son or its property. To establish entitlement to an exception under subsection (a)(6), David must show his father actually intended to injure Dave-N-Son or its property. *Kaawauhau v. Geiger*, 523 U.S. 57, 63 (1998). Negligent or reckless acts do not suffice to establish that a resulting injury is "willful and malicious." *Kaawauhau*, 523 U.S. at 64 (quoting *Aetna Acceptance Co.*, 293 U.S. at 332). Moreover, not all intentional torts are willful and malicious. *Aetna Acceptance Co.*, 293 U.S. at 332. The state court record, when viewed in combination with Schlessinger's testimony, does not indicate Schlessinger intended to injure Dave-N-Son or its property.

## III.

Because we conclude the Common Pleas Court's judgment did not preclude Schlessinger from discharging his son's damages award in bankruptcy, we will affirm the district court's order.

6