In re Gerald W. HESSE, Debtor.

Ken Herbert, Plaintiff

v.

Gerald W. Hesse, Defendant.

Bankruptcy No. 13–11988.
Adversary No. 13–1111.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

Signed July 28, 2014.

Kenneth L. Ross, Cincinnati, OH, for Debtor.

## MEMORANDUM OPINION DENYING CROSS MOTIONS FOR SUMMARY JUDGMENT

BETH A. BUCHANAN, Bankruptcy Judge.

Before this Court are the parties' cross-motions for summary judgment[1] regarding certain retirement plan benefits alleg-

---

1. (1) Herbert's *Motion for Summary Judgment* [Docket Number 11], Debtor's *Response* [Docket Number 13] and Herbert's *Reply* [Docket Number 15]; and, (2) Debtor's *Motion for Summary Judgment* [Docket Number 12], Herbert's *Response* [Docket Number 14], Debtor's *Reply* [Docket Number 16] and Herbert's *Motion to Strike Debtor's Reply* [Docket Number 17].

The Debtor's *Objection to Proof of Claim* [Case Number 13–11988, Docket Number 12] and Herbert's *Response* [Case Number 13–11988, Docket Number 14] in the Debtor's main case have been held in abeyance pending the outcome of this adversary proceeding. *See* Case Number 13–11988, Docket Number 37.

edly owed to Plaintiff Ken Herbert ("*Herbert*").Herbert is a former employee of G.W. Hesse Plumbing Service Company ("*Hesse Plumbing*"), an Ohio corporation owned by Debtor Defendant Gerald W. Hesse (the "*Debtor*").Herbert contends that from April 2000 through March 2013, $41,220.47 was withheld from his pay for contributions (the "*Direct Contributions*")to an ERISA qualified retirement plan (the "*Retirement Plan*")[2] established by Hesse Plumbing for the benefit of its employees but that only $37,236.39 was deposited into the Retirement Plan, resulting in a shortage of $3,984.08. He further contends that Hesse Plumbing only partially funded the 3% matching contribution that the company was obligated to make under the terms of the Retirement Plan (the "*Matching Contributions*"), resulting in an additional shortage of $24,316.43. Herbert argues that he holds a nondischargeable claim against the Debtor pursuant to 11 U.S.C. § 523(a)(4)[3] for defalcation while acting in a fiduciary capacity based on the Debtor's control over Hesse Plumbing and the Retirement Plan. The Debtor counters that summary judgment should be granted in his favor because the Debtor and Hesse Plumbing are separate legal entities and that he is not individually liable for claims against the corporate entity.

With regard to the Direct Contributions, both parties' *Motions for Summary Judgment* are denied because this Court finds that there are questions of fact regarding (i) the Debtor's control over Hesse Plumbing and/or over the Retirement Plan and (ii) the amount of Herbert's alleged dam-

ages for Herbert's Direct Contributions. With regard to the Matching Contributions, Herbert's *Motion for Summary Judgment* is also denied, as a matter of law, because there was no pre-existing fiduciary obligation to make the Matching Contributions—which is a necessary element to establishing a claim under § 523(a)(4)—any debts relating to the Matching Contributions are not excepted from discharge.[4]

## I. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334 and the general order of reference entered in this district. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

## II. Summary Judgment Standard

The standard for summary judgment is set forth in Rule 56(a) of the Federal Rules of Civil Procedure (the "*Civil Rules*"), made applicable to this proceeding by Rule 7056 of the Federal Rules of Bankruptcy Procedure. Civil Rule 56(a) provides that a "court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(a). "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202

---

**2.** The retirement plan at issue is alleged to be a Form 5304 SIMPLE–IRA plan.

**3.** Unless otherwise indicated, the terms "Bankruptcy Code," "Section" and "§ " refer to Title 11 of the United States Code, 11 U.S.C. § 101 *et seq.*

**4.** Herbert's *Motion to Strike Debtor's Reply* [Docket Number 17] is denied as moot. For the reasons discussed below, the Debtor's *Reply* [Docket Number 16] was not material to this Court's rulings on the parties' *Motions for Summary Judgment.*

(1986). A "genuine" dispute exists only where "evidence is such that a reasonable [finder of fact] could return a [judgment] for the non-moving party." *See id.; Gallagher v. C.H. Robinson Worldwide, Inc.,* 567 F.3d 263, 270 (6th Cir.2009). In reviewing a motion for summary judgment, this Court must view all inferences to be drawn from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587–88, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); *Anthony v. BTR Auto. Sealing Sys., Inc.,* 339 F.3d 506, 511 (6th Cir.2003).

## III. Legal Analysis

### A. Herbert's Motion For Summary Judgment Is Denied.

Section 523(a)(4) is one of the enumerated exceptions to discharge under the Bankruptcy Code. Specifically, § 523(a)(4) provides that a debtor is not discharged of debts "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." 11 U.S.C. § 523(a)(4). In his *Motion for Summary Judgment,* Herbert focuses on the "defalcation while acting in a fiduciary capacity" component of § 523(a)(4).[5]

 The Sixth Circuit has defined defalcation while acting in a fiduciary capacity as a misappropriation of funds by a fiduciary, as long as the use was not the result of mere negligence or a mistake of fact. *Patel v. Shamrock Floorcovering Servs., Inc. (In re Patel),* 565 F.3d 963, 970 (6th Cir.2009); *see also First Am. Title Ins. Co. v. Gaskill (In re Gaskill),* 480 B.R. 291, 303 (Bankr.W.D.Mich.2012)(creditor

must show debtor was objectively reckless) (citations omitted). A creditor must show: "(1) a pre-existing fiduciary relationship, (2) a breach of that relationship, and (3) a resulting loss." *In re Patel,* 565 F.3d at 968 (citing *Bd. of Trustees v. Bucci (In re Bucci),* 493 F.3d 635, 642 (6th Cir.2007)). The Sixth Circuit has adopted a narrow interpretation of a fiduciary in the context of Section 523(a)(4) to include only express or technical trusts. *Id.* (citing *Davis v. Aetna Acceptance Co.,* 293 U.S. 328, 333, 55 S.Ct. 151, 79 L.Ed. 393 (1934)). Proving an express trust relationship requires the creditor to show: "(1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary." *Id.* (citing *Commonwealth Land Title Co. v. Blaszak (In re Blaszak),* 397 F.3d 386, 391 (6th Cir.2005)). A technical trust is a type of trust arising out of a specific statute or common law. *Ronk v. Maresh (In re Maresh),* 277 B.R. 339, 348 (Bankr. N.D.Ohio 2001) (citations omitted). The creditor bears the burden of proving these elements by a preponderance of the evidence. *Grogan v. Garner,* 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

Relying on *Chao v. Gott (In re Gott),* 387 B.R. 17 (Bankr.S.D.Iowa 2008), Herbert alleges that the Debtor's control over Hesse Plumbing and his control over the Retirement Plan are sufficient to create an express or technical trust for purposes of § 523(a)(4). In *In re Gott,* the court held that the debtor was a fiduciary under § 523(a)(4) based on the debtor's control over his company's SIMPLE–IRA plan. *Id.* at 25. The court found that the debtor, as the president of the company, was "the

---

**5.** In his complaint, Herbert asserts that the debt owed to him is also nondischargeable pursuant to § 523(a)(4) on the grounds that it is a debt for (i) "fraud while acting in a fiduciary capacity" or (ii) a debt for "embezzlement." Herbert, however, does not request summary judgment under either of these bases of § 523(a)(4) in his *Motion for Summary Judgment.* Accordingly, this Court expresses no opinion at this time regarding whether any debt owed to Herbert may be nondischargeable on such grounds.

only individual identified in the record as having ultimate control of company decisions." *Id.* The court further found that debtor was the person who signed the agreements establishing the plan and was the person who signed the majority of checks that transferred the funds withheld from employees' paychecks to the administrator of the plan. *Id.* Accordingly, the *In re Gott* court concluded that the debtor was a fiduciary within the meaning of § 523(a)(4).

■ Herbert alleges in his *Motion for Summary Judgment* that the facts of this case are similar to the facts in *In re Gott* and therefore support a determination in his favor. Specifically, Herbert states that the Debtor "managed the day-to-day operations of the company and was the only person with check-writing authority for the Plan. He exercised discretionary authority over the management of the Plan and the disposition of its assets and its general administration." Herbert's *Motion for Summary Judgment*, p. 6. Herbert, however, offers no evidence in support of these assertions. *See* Fed.R.Civ.P. 56(c) (made applicable to adversary proceedings by Fed. R. Bankr.P. 7056). The only evidence in the record is Herbert's statement in his affidavit that it is his "understanding and belief that the Defendant is the sole owner of the Company and he was solely responsible for all payroll issued." As such, this Court cannot find on the record currently before it that the Debtor was a fiduciary within the meaning of § 523(a)(4) on the grounds that he controlled Hesse Plumbing and the company's Retirement Plan.

■ Moreover, with regard to the Direct Contributions, additional questions of fact preclude summary judgment in favor of Herbert. In his affidavit, Herbert avers that $3,060 in Direct Contributions were withheld from his wages in 2005 and Di-

rect Contributions of $3,120 were withheld in 2012, however, the Form W–2 statements attached to the affidavit reflect that only $2,580 in Direct Contributions were withheld in 2005 and $3,060 in 2012. *See* Herbert's *Reply*, pp. 2–3 and Ex. A, pp. 2, 5. These inconsistencies likewise draw into question Herbert's assertions regarding Direct Contributions withheld for tax years 2000, 2001, 2002 and 2013 since there are no Form W–2 statements provided in support of his affidavit. Finally, there is no evidence in the record, such as periodic statements from the Retirement Plan, to establish what amounts were actually deposited into the Retirement Plan on Herbert's behalf. Accordingly, Herbert's *Motion for Summary Judgment* is denied as there is a genuine dispute regarding material facts.

■ With regard to the Matching Contributions, Herbert's *Motion for Summary Judgment* is also denied, as a matter of law. "[F]or a trust relationship to satisfy § 523(a)(4), the alleged fiduciary must have duties that preexist the act creating the debt." *In re Bucci*, 493 F.3d at 643 (citations omitted). While Hesse Plumbing/the Debtor may have had a *contractual* obligation to make the Matching Contributions, there was no pre-existing *fiduciary* obligation to do so. *Id.* ("The key point for bankruptcy purposes, however, is that [the debtor] had only a *contractual* obligation to pay the employer contributions. This is not enough, for the debtor must hold funds in trust for a third party to satisfy the fiduciary relationship element of the defalcation provision of § 523(a)(4).") (internal citations and quotation marks omitted). Any fiduciary duty with respect to the Matching Contributions arose *after* such contributions were due. *Id.* ("[I]f an employer failing to pay contributions becomes an ERISA fiduciary only after the contributions are due, then the

trust relationship springs from the act from which the debt arose. Such a trust relationship does not create an express or technical trust for purposes of § 523(a)(4)."); *see also* Emil Khatchatourian & Brendan M. Gage, *Unpaid ERISA Contributions and Fiduciary Liability under 523(a)(4)*, 32–Nov. Am. Bankr.Inst. J. 52 (2013). Because there was no pre-existing fiduciary obligation to make the Matching Contributions—which is a necessary element to establishing a claim under § 523(a)(4)—any debts relating to the Matching Contributions are not excepted from discharge.

## B. The Debtor's Motion For Summary Judgment Is Denied.

In his *Motion for Summary Judgment,* the Debtor contends that he is entitled to summary judgment because he and Hesse Plumbing are separate legal entities and that he is not individually liable for claims against the corporate entity. While the Debtor is correct in that corporate law generally protects officers and directors of a corporation from liability for the debts of the corporation,

> corporate officer[s] can be held personally liable for a tort committed while acting within the scope of [their] employment. If officers take part in the commission of the act or if they specifically directed the particular act to be done, or participated or cooperated therein, they can be held personally liable for the actions of the company.

*Baker v. Wentland (In re Wentland),* 410 B.R. 585, 593–94 (Bankr.N.D.Ohio 2009) (internal citations and quotation marks omitted). Moreover, if a fiduciary responsibility is found to exist between a corporation and its employees, "[l]iability as a fiduciary ... may also lie with a corporate officer who is responsible for handling the corporate fiduciary's trust undertakings." *Id.* at 598 (citations omitted).

For the reasons previously discussed with respect to Herbert's *Motion for Summary Judgment,* questions of fact remain regarding the Debtor's control over Hesse Plumbing and/or over the Retirement Plan that similarly preclude granting summary judgment in the Debtor's favor.

## IV. Conclusion

For the forgoing reasons, this Court finds that there are questions of fact regarding (i) the Debtor's control over Hesse Plumbing and/or over the Retirement Plan and (ii) the amount of Herbert's alleged damages for Herbert's Direct Contributions. Accordingly, both parties' *Motions for Summary Judgment* [Docket Numbers 11 and 12] are DENIED. Herbert's *Motion for Summary Judgment* [Docket Number 11] is also DENIED, as a matter of law, as relates to the Matching Contributions. Because there was no pre-existing fiduciary obligation to make the Matching Contributions—which is a necessary element to establishing a claim under § 523(a)(4)—any debts relating to the Matching Contribution are not excepted from discharge.[6]

This matter will be set for trial by a separate order.

IT IS SO ORDERED.

---

**6.** The amount of the Matching Contributions is alleged to be $21,793.67 in Herbert's *Complaint* and $24, 316.43 in his *Motion for Summary Judgment.*